UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUSTIN HOOPER,

    Plaintiff,

v.

    CASE NO.:

A CARING HAND, LLC, a Florida
Limited Liability Company, d/b/a
A CARING HAND HOME CARE; and
SUKHBIR SINGH, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AUSTIN HOOPER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, A CARING HAND, LLC, a Florida Limited Liability Company, d/b/a A CARING HAND HOME CARE ("A CARING HAND"), and SUKHBIR SINGH, Individually ("SINGH") (collectively "Defendants"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his overtime

1

claim.

4. Venue is proper in this Court because the Defendants maintain business operations within the District, and the acts or omissions alleged in the Complaint took place within this district.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Duval County, Florida.

6. At all times material to this action, Defendant A CARING HAND was, and continues to be, a Florida Limited Liability Company, engaged in business in Duval County, Florida.

7. Based on information and belief, at all times material hereto, Defendant SINGH is a resident of Duval County, Florida.

8. At all times material hereto, Defendant SINGH was Owner and Manager of A CARING HAND and regularly exercised the authority to: (a) hire and fire employees of A CARING HAND; (b) determine the work schedules for the employees of A CARING HAND; and (c) control the finances and operations of A CARING HAND.

9. Defendant SINGH is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of A CARING HAND towards Plaintiff.

10. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

12. Defendants were, and continue to be, "employers" within the meaning of the

FLSA.

13. At all times material to this action, Defendants were, and continue to be, an enterprise engaged in the "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, computers, and supplies in its home care business.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. Plaintiff worked for Defendants from March 6, 2015 to June 2015, and was rehired in June 2016 to work as a non-exempt file clerk/administrative assistant for Defendants' business. Plaintiff worked in this position until December 5, 2017.

18. Plaintiff's job duties included, but were not limited to, keeping track of paper files, receiving/managing orders, faxing documents, and answering phones.

19. In weeks ending December 10, 2016, and November 25, 2017, Defendants failed to pay Plaintiff the applicable minimum wage for all hours worked.

20. Between at least June 2016 to December 1, 2017, Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks in which he was not paid all of the overtime compensation due to him. Specifically, Plaintiff was paid at only his regular hourly rate for overtime hours which were paid, and for other recorded overtime hours was not paid at all.

21. Based on currently available records, Plaintiff is owed approximately $178.75 in unpaid overtime wages.

22. Further, in many weeks, Plaintiff was subjected to a 30-minute meal break deduction even though he did not take a break.

23. Based on currently available records, Plaintiff was unpaid by approximately $430.00 in regular wages due to the practice of making improper deductions for meal breaks not taken. These amounts are in addition to overtime wages also lost due to the unlawful practice of deducting meal periods when meal breaks were not taken.

24. Plaintiff should be compensated at least the applicable minimum wage for all hours worked. Further, Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

25. Further, Defendants misclassified Plaintiff as an independent contractor.

26. Plaintiff was not an independent contractor.

27. Defendants set Plaintiff's rate of pay.

28. Defendants determined Plaintiff's hours.

29. Plaintiff's opportunity for profit and loss was not dependent on his entrepreneurial or managerial skill.

30. Plaintiff worked continuously for Defendants for over one year.

31. Defendants maintained control over Plaintiff's work.

32. Plaintiff filled out timesheets which referred to Plaintiff as an employee.

33. The timesheets Plaintiff filled out also had to be signed by an individual titled as Plaintiff's "Supervisor" on the timesheet.

34. Plaintiff's job, performing office work, did not require a high level of skill.

35. Plaintiff's office work was integral to Defendants' business.

36. Plaintiff did not generate any of his own work.

37. Plaintiff did not supply any tools or materials for his work for Defendants, nor did he make any other investment in Defendants' business.

38. From June 2016 through October 2017, Plaintiff earned 100% of his income from Defendants.

39. Plaintiff did not have any contract with Defendants.

40. Plaintiff did not own or operate his own business.

41. Defendants have violated Title 29 U.S.C. §206 from at least June 2016 to December 1, 2017, in that:

    a. Defendants have failed to pay Plaintiff proper minimum wage for all of his hours worked for Defendants; and

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate at the applicable minimum wage for each hour worked.

42. Defendants have violated Title 29 U.S.C. §207 from June 2016 to December 1, 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

43. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew that Plaintiff was not taking

meal breaks, but deducted them anyway, and Defendants knew or should have known that Plaintiff was not an independent contractor, but purposefully classified him as such in order to avoid obligations, including overtime obligations.

44. To the extent Defendants made deductions for meal breaks where no break was taken, and the hours deducted were not overtime hours, nor resulted in a minimum wage deficiency, Defendants have nonetheless retained the value of Plaintiff's work for those hours, without compensating Plaintiff for his hours worked.

45. It would be unjust for Defendants to retain the value of Plaintiff's work without compensating him for same.

46. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

47. Plaintiff's total alleged damages, including penalties, are not in excess of $1,000.00, excluding attorneys' fees.

48. Plaintiff, through his counsel, sent Defendants a letter in October 2018, offering to resolve this matter for approximately $4,000.00, which would have covered Plaintiff's damages, and estimated fees and costs through finalization of a settlement document in the matter.

49. Defendants responded by letter dated November 7, 2018, signed by Defendant Sukhbir Singh.

50. In that letter, Defendants took the position that Plaintiff was an independent contractor, not entitled to minimum wage or overtime compensation.

51. Defendants also confirmed that company policy, to which Plaintiff was subject, is a thirty minute break with no compensation.

52. Defendants attached documentation to their response.

53. Plaintiff's counsel reviewed the documentation, and prepared a response to Defendants.

54. In Plaintiff's response, sent in February 2019, Plaintiff noted, through counsel, Plaintiff's position and argument regarding misclassification, and noted the low damages in this matter, in an effort to resolve the matter without litigation.

55. Plaintiff did not increase the amount of his proposed resolution, despite his attorney having spent additional time in reviewing the documentation provided.

56. In response to this correspondence, Defendants again responded to state that they took the position that the classification as an independent contractor precluded damages, and that they would not discuss resolution.

57. In a final effort to resolve this matter without litigation, Plaintiff's counsel called Defendant SINGH on the telephone to discuss resolution, reiterating the benefits of pre-litigation resolution, and the fact that the costs of litigation would almost certainly outpace the damages to Plaintiff and what fees could be resolved for at this early stage.

58. Defendant SINGH indicated that he was confident in his position that Plaintiff was an independent contractor, and that he would not pay Plaintiff the amounts alleged to be owed absent litigation.

59. As such, after spending over five months seeking to resolve the matter without filing a complaint, Plaintiff was left with no option to pursue his unpaid wages other than to file this action.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION

60. Plaintiff re-alleges paragraphs 1 through 59 of the Complaint, as if fully set forth herein.

61. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

62. As a result of Defendants' actions in this regard, Plaintiff was not paid the applicable minimum wage for all hours worked during one or more weeks of employment with Defendants.

63. Defendants knew or with reasonable diligence should have known that they were paying sub-minimum wage to Plaintiff in the two weeks in which his rate fell below minimum wage, but still failed to pay Plaintiff at least minimum wages.

64. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the lawful minimum wage when they knew, or should have known, such was, and is, due.

65. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

66. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendants, plus liquidated damages.

67. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

68. Plaintiff re-alleges paragraphs 1 through 59 of the Complaint, as if fully set forth

herein.

69. From at least June 2016 to December 1, 2017, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

70. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

71. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

72. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

73. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

74. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT III
## UNJUST ENRICHMENT

75. Plaintiff realleges and incorporates paragraphs 1 through 59 of the Complaint as if

9

fully set forth herein.

76. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as his minimum wage and overtime claims.

77. During the course of his employment, June 2016 to December 5, 2017, Plaintiff was subjected at various times to a 30-minute meal break deduction even if Plaintiff did not take a break, which resulted in Plaintiff performing work for Defendants for which he was not compensated.

78. Defendants knowingly accepted the performance of, and retained the benefit of, the work Plaintiff performed on their behalf without paying him for that work.

79. It would be inequitable to allow Defendants to retain the benefit of this work without paying Plaintiff same.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual damages, compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of May 2019.

/s/Angeli Murthy
ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-318-0268/Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**
*Trial Counsel for Plaintiff*